# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50690
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-543-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Bryan Sanchez appeals his conviction for aiding and abetting the attempted possession with intent to distribute five kilograms or more of a mixture or substance containing cocaine. Sanchez filed a motion to suppress the results of a consensual search following an allegedly unlawful stop. The motion was denied, and Sanchez appeals that denial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50690

In our assessment of a denial of a motion to suppress evidence, we review "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

The district court concluded that there was reasonable suspicion supporting the stop on two grounds: (1) because of Sanchez's traffic violation; and (2) because of the "collective knowledge" of other officers who communicated with the officer making the stop. The legality of a traffic stop is analyzed initially to determine "whether the officer's action was justified at its inception." *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003). "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Section 545.060(a) of the Texas Transportation Code provides that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a).

Sanchez contends that the evidence does not show that his vehicle was moving in an unsafe manner and, as a result, he did not violate § 545.060. The record testimony showed that Deputy Kennedy stopped Sanchez's vehicle because Sanchez drove over the center white line and then he crossed over the white line near the shoulder of a busy highway at dusk, in violation of § 545.060. *See Martinez v. State*, 29 S.W.3d 609, 610 (Tex. App. – Houston [1st

No. 13-50690

Dist.] 2000, pet. ref'd).  The record supports the district court's determination that Deputy Kennedy had reasonable suspicion of a traffic violation for making the initial stop.  *See Lopez-Moreno,* 420 F.3d at 430.

Alternatively, Sanchez's challenge to the alternative ruling of the district court also fails. He contends that no knowledge, collective or otherwise, was shared with Deputy Kennedy except for instructions to stop the vehicle and thus, the district court impermissibly applied the collective knowledge doctrine in denying his motion to suppress.  Reasonable suspicion can vest through the collective knowledge of the officers involved in a search and seizure operation. *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1326 (2014).   The collective knowledge theory for reasonable suspicion applies so long as there is "some degree of communication" between the acting officer and the officer who has knowledge of the necessary facts.  *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).  The record testimony established that the knowledge of Deputy Abel Sanchez and other officers possessing reasonable suspicion could be imputed properly to Deputy Kennedy, the acting officer, because there was some communication between Deputy Sanchez, the officers, and Deputy Kennedy.  *See id*. at 530.  As either ground supports the denial of the motion to suppress, the judgment of the district court is AFFIRMED.